UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 2:13-CR-65-ART-HAI-1 |
| v. | ) RECOMMENDED DISPOSITION |
| JASON M. ALLEN, | ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On December 20, 2016, Defendant, proceeding *pro se*, filed a motion to vacate under 28 U.S.C. § 2255.[1]  D.E. 127.  Defendant filed a previous § 2255 motion earlier this year.  D.E. 108.  Because Defendant's current motion is "second or successive" under § 2255(h), the undersigned **RECOMMENDS** that this matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to *In Re Sim*s, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) and Rule 9 of the Rules Governing Section 2255 Proceedings.

## Background

In his prior motion, Defendant invoked *Johnson v. United States*, 135 S. Ct. 2551 (2015), as providing both the legal basis of his motion and the basis of his motion's timeliness.  D.E. 108 at 4, 10.  In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague.  Later, in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016)), the Sixth Circuit held that the identically worded residual clause in the Sentencing Guidelines' Career Offender Guideline was likewise invalid.

---

[1] The motion was placed in the prison mail on that date, but docketed on December 27, 2016.

However, the question of whether *Johnson* applies to the Career Offender residual clause at USSG § 4B1.2(a)(2) is currently before the Supreme Court in *Beckles v. United States*, 136 S. Ct. 2510 (2016).

Upon initial review, the undersigned recommended dismissing Defendant's June 2016 motion on several bases. D.E. 110. First, on the merits, *Johnson* and *Pawlak* did not apply because Defendant's Career Offender designation was based on prior drug trafficking offenses, not crimes of violence. *Id*. at 3-6. Second, Defendant's motions was not filed within the one-year deadline. Defendant could not use *Johnson*'s retroactivity to reset the statute of limitations under 28 U.S.C. § 2255(f)(3) because *Johnson* did not apply to his case. *Id*. Third, any error in applying the Career Offender designation was harmless because his base offense level was not affected by his Career Offender designation. *Id*. at 6. The Court also noted that the District Judge varied downward and gave Defendant a below-Guidelines sentence. *Id*.

On July 26, 2016, the District Judge adopted the Recommendation (D.E. 118) and denied Defendant's § 2255 motion (D.E. 119).

**Analysis**

Defendant's new motion argues that the Court erred in deciding his prior motion because it failed to apply *Mathis v. United States*, 136 S. Ct. 2243 (2016). D.E. 127-1 at 3 ("*Mathis* serves as the basis for this collateral attack on Movant[']s status as being a Career Criminal[.]").

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 states that a court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined . . . on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Section 2255(h) states that

"[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h). In order to obtain such certification, a defendant must show that either (1) that there is newly discovered evidence that, when viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense; or (2) there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* Unless the Court of Appeals has authorized the filing of a "second or successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. *In Re Sims*, 111 F.3d at 47.

28 U.S.C. § 2244(b) does not define what constitutes a "second or successive" petition. It is clear that not every numerically second petition is "second or successive." *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id*. at 645. One reason that subsequent petitions are not considered "successive" is that the prior dispositions were not "on the merits." *Slack*, 529 U.S. at 485-86; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996).

Here, Defendant is raising a similar challenge to his Career Offender designation that he raised in his prior § 2255 motion. He is attacking the same sentence that was challenged in his prior motion. Therefore, this motion is second or successive within the meaning of §§ 2244 and

2255.  Thus, Defendant is required to seek certification from the Sixth Circuit pursuant to § 2255.  For this reason, the undersigned **RECOMMENDS** that Defendant's motion (D.E. 127) be transferred to the Sixth Circuit for a determination as to whether the District Court may review it.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings, Rule 8(b).  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 3rd day of January, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge